1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MELISSA L.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C22-5291-MLP

ORDER

## I.  INTRODUCTION

Plaintiff seeks review of the denial of her applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in assessing certain medical opinions, discounting her testimony, and assessing her residual functional capacity ("RFC"). (Dkt. # 10 at 1.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II.  BACKGROUND

Plaintiff was born in 1968, has an associate's degree in medical administration, education, and has worked most recently as a school custodian. AR at 350-51. Plaintiff was last gainfully employed in 2015, when she got injured on the job. *Id.* at 351.

In November 2016, Plaintiff applied for benefits, alleging disability as of June 17, 2015. AR at 732-41, 754-60. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 507-09, 511-19. After the ALJ conducted hearings in July and December 2018 (*id*. at 285-335), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 479-91.

The Appeals Council granted Plaintiff's request for review and remanded the case for further administrative proceedings. AR at 503-05. On remand, a different ALJ held hearings in December 2020 and March 2021 (*id*. at 336-437), and subsequently issued a decision finding Plaintiff not disabled. *Id.* at 41-62. The Appeals Council denied Plaintiff's request for review (*id*. at 1-7), and Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

### III.    LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d

1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may

neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v.*

*Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one

rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV.    DISCUSSION

### A.    The ALJ Erred in Discounting Plaintiff's Testimony

The ALJ summarized Plaintiff's allegations and explained that she discounted them

because: (1) the objective evidence fails to corroborate Plaintiff's allegation of disabling

limitations, (2) Plaintiff's symptoms improved with conservative treatment, (3) Plaintiff refused

to take mental health medications although they had been effective previously, and (4) Plaintiff

retains the ability to engage in "robust" activities. AR at 51-54.

Plaintiff argues that the ALJ's reasoning is not clear and convincing, as required in the

Ninth Circuit. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). The Court will

address each of Plaintiff's arguments in turn.

#### 1.    Lack of Objective Corroboration

Plaintiff first argues that the ALJ erred in relying on the lack of objective corroboration

because the ALJ failed to identify which allegations were not corroborated by which evidence.

(Dkt. # 10 at 15-16.) Indeed, the ALJ simply summarized various objective findings without

explaining if or how these findings related to or undermined Plaintiff's allegations of pain. *See*

AR at 52-53. The Appeals Council indicated concern that the prior ALJ decision relied "mostly"

on normal or near normal objective findings to discount Plaintiff's allegations of pain, without

explaining how these findings relate to Plaintiff's pain. *Id.* at 503. But the current ALJ decision

again cites primarily objective findings as a "reason" to discount Plaintiff's physical allegations,

1   without explaining how those findings relate to Plaintiff's allegations, and thus did not cure the

2   error identified by the Appeals Council. The Court therefore finds this line of the ALJ's

3   reasoning erroneous.

4              *2.      Eligibility for Vocational Rehabilitation Services*

5           Next, Plaintiff notes that the ALJ cited her eligibility for vocational rehabilitation

6   services (AR at 53) and argues that this eligibility supports, rather than undermines, her

7   allegation of disability because her eligibility forms indicate that she has a "[s]erious limitation

8   in ability to stand, walk or maintain balance[.]" (Dkt. # 10 at 16 (citing AR at 1051, 1510).) The

9   forms also indicate that Plaintiff was found to have mental limitations and the need for work

10  accommodations. AR at 1512-13. Because the vocational rehabilitation forms describe

11  limitations consistent with Plaintiff's allegations, Plaintiff argues that the ALJ erred in relying on

12  Plaintiff's eligibility for vocational rehabilitation as a reason to discount her allegations. (Dkt.

13  # 10 at 16.)

14          The Court agrees with Plaintiff's argument because, when the vocational rehabilitation

15  forms are read in their entirety, they corroborate rather than contradict Plaintiff's allegations.

16  Although the Commissioner notes that findings of other agencies are not binding on the Social

17  Security Administration (dkt. # 11 at 6), this point is irrelevant to the ALJ's reliance on this

18  evidence in evaluating Plaintiff's allegations and fails to grapple with Plaintiff's arguments,

19  which are grounded in the record. The Court therefore also finds error in this line of the ALJ's

20  reasoning.

21             *3.      Daily Activities*

22          Plaintiff argues that the ALJ erred in citing her activities as a reason to discount her

23  allegations because the ALJ failed to identify activities that either contradict her testimony or

demonstrate the existence of transferable work skills. (Dkt. # 10 at 17.) The Court agrees.

The ALJ noted that Plaintiff's physical pain (more than her mental condition) limits her ability to prepare meals, complete chores, and drive (AR at 54), but the ALJ also noted that Plaintiff alleged that her physical pain limits her activities (*id*. at 51-52), and therefore the ALJ failed to identify any contradiction. The ALJ also noted that Plaintiff was able to attend Christmas dinner and church in 2015, which demonstrates she can "perform[] some tasks out of her normal routine[,]" and that she traveled to Germany for two weeks in 2018. *Id.* at 54. It is not clear that any of these activities would be inconsistent with the physical or mental limitations that Plaintiff alleged, and the ALJ did not explain her reasoning here.

Lastly, the ALJ stated that Plaintiff completed her associate's degree during the adjudicated period, acknowledging that Plaintiff required accommodations to do so. AR at 54. Plaintiff's need for accommodations is consistent with her physical allegations. Plaintiff explained at the hearing that she was able to cope with the mental challenges of college with medication, but that she had to stop taking that medication due to side effects. *See id*. at 377-79. The ALJ failed to address all of Plaintiff's allegations related to her college coursework and erred in suggesting that this activity was inconsistent with her allegations. Because the ALJ failed to identify activities that either contradict Plaintiff's allegations or demonstrate transferable work skills, the ALJ erred in relying on Plaintiff's activities as a reason to discount her allegations. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1) contradict the claimant's testimony or (2) "meet the threshold for transferable work skills").

For all of these reasons, the ALJ's assessment of Plaintiff's testimony is erroneous and the Court finds that the proper remedy for this error is a remand for further proceedings.

1    Although Plaintiff requests, in the alternative, a remand for a finding of disability (dkt. # 10 at

2    18), she has not shown that this extraordinary remedy would be appropriate here. *See Leon v.*

3    *Berryhill*, 880 F.3d 1044, 1045 (9th Cir. 2017) ("An automatic award of benefits in a disability

4    benefits case is a rare and prophylactic exception to the well-established ordinary remand rule.").

5    A finding of disability requires the Court to find that there are no conflicts in the record requiring

6    resolution, and such a finding would be inconsistent with, for example, the conflicts in the

7    medical evidence described in the following section, *infra*. *See Brown-Hunter v. Colvin*, 806

8    F.3d 487, 495 (9th Cir. 2015) (explaining that a court must determine whether the record

9    contains outstanding conflicts that must be resolved before crediting a claimant's testimony and

10   entering a finding of disability).

11        Furthermore, Plaintiff herself contends that the ALJ's RFC assessment does not account

12   for all of her alleged limitations, as discussed *infra*. (Dkt. # 10 at 12-15.) Such an argument

13   suggests that further proceedings would serve the useful purpose of allowing the ALJ to craft a

14   complete RFC assessment. Therefore, the Court finds that a remand for further proceedings is the

15   appropriate remedy under the circumstances of this case.

16        **B.    The ALJ Erred in Assessing Some of the Medical Opinion Evidence**

17        Plaintiff challenges the ALJ's assessment of several medical opinions, each of which the

18   Court will address in turn.

19             *1.    Legal Standards*[1]

20        Where not contradicted by another doctor, a treating or examining doctor's opinion may

21   be rejected only for "'clear and convincing'" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.

22   1996) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a

23

---

[1] Because Plaintiff applied for benefits before March 27, 2017, the regulations set forth in 20 C.F.R.
§ 404.1527 and § 416.927 apply to the ALJ's consideration of medical opinions.

ORDER - 6

1    treating or examining doctor's opinion may not be rejected without "'specific and legitimate

2    reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31 (quoting

3    *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

4              2.      *Jared Reaves, M.D.*

5         Dr. Reaves, a non-examining[2] medical expert ("ME"), responded to an interrogatory in

6    January 2019, opining that Plaintiff equaled Listing 1.04A. AR at 3185-91. The ALJ gave little

7    weight to this opinion, finding it unsupported by the record and inconsistent with Plaintiff's

8    treatment notes and the testimony of another ME, John Kwok, M.D., at a subsequent hearing. *Id*.

9    at 58-59.

10        Plaintiff suggests that the ALJ erred in finding Dr. Reaves' opinion that Plaintiff equals

11   Listing 1.04A to be unsupported by the record because the Appeals Council previously found

12   this reasoning erroneous. (Dkt. # 10 at 7.) Plaintiff's argument is misleading. The Appeals

13   Council did not state that the previous ALJ erred in finding Dr. Reaves' opinion regarding

14   Listing 1.04A to be unsupported by the record; the Appeals Council stated that the previous ALJ

15   erred in discounting Dr. Reaves' statement because he failed to cite adequate findings to support

16   his conclusion that Plaintiff satisfied that listing. *See* AR at 490, 503. The Appeals Council

17   instructed the ALJ to recontact Dr. Reaves if the basis for his opinion required clarification. *Id*.

18   The Appeals Council did not explicitly address the prior ALJ's finding that Dr. Reaves' Listing

19   1.04A opinion was inconsistent with the clinical record. *Id*. Thus, the ALJ did not err in

20   elaborating upon this line of reasoning and Plaintiff has not shown that the ALJ erred in citing

21   objective evidence that fails to support Dr. Reaves' opinion that Plaintiff equals Listing 1.04A.

22

23   [2] The Commissioner suggests that Dr. Reaves examined Plaintiff (dkt. # 11 at 10), and that the ALJ found
     his examination to be inconsistent with his conclusions (*id*.), but Dr. Reaves did not examine Plaintiff nor
     did the ALJ indicate that he did. *See* AR at 3185 (Dr. Reaves' statement that he has never examined
     Plaintiff).

Plaintiff's citations to records documenting her pain (dkt. # 10 at 5-7) do not undermine the ALJ's finding that the record fails to indicate that Plaintiff meets or equals all of the requirements of Listing 1.04A.

The ALJ also found inconsistency between Dr. Reaves' opinion that Plaintiff equals Listing 1.04A and his checkbox RFC assessment (AR at 59), and this finding is supported by substantial evidence. Listing 1.04A required a showing that *inter alia* Plaintiff cannot ambulate effectively, yet Dr. Reaves' checkbox RFC assessment indicates that *inter alia* Plaintiff could walk for 45 minutes during a workday and does not require an assistive device in order to ambulate. *See id*. at 47 (ALJ's discussion of the Listing 1.04A requirements), 3188 (Dr. Reaves' description of Plaintiff's ability to walk). This inconsistency is a valid reason to discount Dr. Reaves' opinions. *See Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999) (ALJ appropriately considers internal inconsistencies within and between physicians' reports).

Lastly, Plaintiff suggests that the ALJ erred in obtaining additional ME testimony from Dr. Kwok at the 2021 hearing and that this constitutes "doctor-shopping," contrary to the Appeals Council's remand instructions to recontact Dr. Reaves if his opinion required clarification. (Dkt. # 10 at 7-8.) Again, Plaintiff fails to account for the entirety of the Appeals Council's instructions. The Appeals Council contemplated that additional ME testimony could be necessary and afforded the ALJ latitude to determine how to best develop the record on remand. *See* AR at 505 ("If warranted by the expanded record, obtain clarification from Dr. Reaves, if available, or if necessary, evidence from another [ME] related to the nature and severity of and functional limitations resulting from the claimant's impairments[.]"). Plaintiff has

not shown that the ALJ failed to fully comply with the Appeals Council's instructions in this regard.

Because the ALJ reasonably found Dr. Reaves' opinion to be inconsistent with the record and internally inconsistent, the ALJ did not err in discounting this evidence. *See Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998) ("The Commissioner may reject the opinion of a non-examining physician by reference to specific evidence in the medical record.").

### 3.    *Margo Newell-Eggert, M.D.*

The ALJ also discounted the 2016 opinions of Plaintiff's treating physician, Dr. Newell-Eggert, releasing Plaintiff to work with certain limits, specifically a restriction to lifting/carrying less than 10 pounds, a limitation to standing/walking for no longer than 15 minutes at a time, and the ability to alternate between sitting and standing as needed. *See* AR at 1328, 2368. The ALJ noted that these opinions focus on Plaintiff's restrictions at a particular point in time, but found them to be unsupported by the longitudinal record and inconsistent with the limitations described by Dr. Kwok. *Id*. at 56. The ALJ also found that Plaintiff's activities were inconsistent with the limitations described by Dr. Newell-Eggert. *Id*.

Plaintiff disputes the ALJ's finding that the opinions of Dr. Newell-Eggert are unsupported by the record. The Court agrees that the ALJ erred in stating that Dr. Newell-Eggert's opinions are not supported by her own treatment notes, and erred in suggesting that Dr. Newell-Eggert herself opined that Plaintiff was less limited, because neither of these findings is supported by substantial evidence. *See* AR at 56. To the extent that the ALJ cited normal objective findings or imaging results as inconsistent with Dr. Newell-Eggert's opinions, this reasoning is not legitimate because Dr. Newell-Eggert explicitly referenced Plaintiff's pain as a basis for her limitations. *See id*. at 1328, 2367. The ALJ did not cite evidence that is

1   necessarily inconsistent with Plaintiff's reports of pain, and, accordingly, erred in suggesting that

2   Dr. Newell-Eggert's opinions were inconsistent with the record.

3          The ALJ also erred in discounting Dr. Newell-Eggert's opinions based on Plaintiff's

4   activities because none of the activities cited contradict the limitations Dr. Newell-Eggert

5   described. The record does not describe Plaintiff's activities in a manner inconsistent with the

6   restrictions Dr. Newell-Eggert described, and the ALJ's own description of those activities

7   acknowledges that Plaintiff's activities were limited by pain. *See* AR at 56.

8          For these reasons, the Court finds that the ALJ failed to provide legally sufficient reasons

9   to discount Dr. Newell-Eggert's opinions.

10                 4.      *Kimberly Wheeler, Ph.D. & Terilee Wingate, Ph.D.*

11         The record contains three DSHS form opinions, two written by Dr. Wheeler in 2016 and

12   2018, and one written by Dr. Wingate in 2020. AR at 1117-21, 3144-48, 3545-49. The ALJ gave

13   limited weight to Dr. Wheeler's opinions that Plaintiff had marked mental limitations, finding

14   those marked limitations inconsistent with Plaintiff's treatment records indicating that Plaintiff's

15   mental limitations were no more than moderate. *Id*. at 57. The ALJ discounted the marked

16   limitations listed by Dr. Wingate as based on Plaintiff's self-report and inconsistent with the

17   treatment record, and noted that Dr. Wingate's examination was performed telephonically. *Id*. at

18   57-58.

19         Plaintiff disputes the ALJ's finding that these opinions are inconsistent with the treatment

20   record, citing many treatment notes that document Plaintiff's report of symptoms. (Dkt. # 10 at

21   10-11.) Plaintiff has not, however, pointed to any treatment notes that directly corroborate the

22   marked limitations in workplace adaptation, communication, or persistence that Dr. Wheeler

23   described, or the marked limitations in workplace attendance, behavior, and persistence that Dr.

1    Wingate listed. (*Id.*) Plaintiff has therefore not established error in the ALJ's finding that these

2    opinions are inconsistent with the treatment record, and this valid reasoning renders harmless any

3    error in the ALJ's suggestion that a telephonic examination undermines the value of an opinion.

4                    5.      *Chris Juergens, DC*

5            Dr. Juergens, Plaintiff's chiropractor, opined in October 2015 that Plaintiff could work

6    only four hours per day. AR at 1127. The ALJ gave little weight to Dr. Juergens' opinion, noting

7    that a chiropractor is not an acceptable medical source under the applicable regulations, and that

8    this opinion fails to assess Plaintiff's functional abilities. *Id*. at 58. The ALJ also notes that

9    whether a claimant can work is an issue reserved to the Commissioner. *Id*.

10           Plaintiff contends that Dr. Juergens' status as a non-acceptable medical source is not an

11   independent reason to discount the opinion. (Dkt. # 10 at 12.) She correctly states that an ALJ

12   must provide a germane reason to discount an opinion written by a non-acceptable medical

13   source. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). The ALJ's reasoning was

14   germane, however, because the ALJ reasonably found that an opinion describing Plaintiff as

15   capable of working four hours per day does not address her functional abilities. Because Dr.

16   Juergens' note does not describe any particular functional limitations, the ALJ did not err in

17   finding it less probative to the ALJ's RFC assessment, or in discounting it on that basis.

18   **C.      The ALJ May Reconsider Plaintiff's RFC on Remand**

19           Plaintiff argues that the ALJ erred in failing to credit her testimony regarding her

20   handling and fingering limitations, because the ALJ's RFC assessment does not fully account for

21   her carpal tunnel syndrome pain. (Dkt. # 10 at 12-3.) Because, as found *supra*, the ALJ must

22   reconsider Plaintiff's allegations on remand, the ALJ will have another opportunity to consider

23

Plaintiff's testimony on this issue. The ALJ will likewise also have the opportunity to reconsider Plaintiff's testimony regarding her leg swelling and her need to elevate her legs. (*Id*. at 15.)

Plaintiff also argues that the ALJ erred in relying on the improvement she experienced in her migraine headaches in October 2020 without acknowledging that her headaches caused limitations prior to that improvement. (Dkt. # 10 at 13-14 (citing *Smith v. Kijakazi*, 14 F.4th 1108, 1112 (9th Cir. 2021).) The Court agrees that the ALJ's step-two findings do not explain why Plaintiff's headaches did not constitute a severe impairment, at least before October 2020. *See* AR at 45. Any error is harmless, however, because the ALJ stated that the RFC assessment accommodates Plaintiff's headaches by including environmental restrictions (*see id*.), and Plaintiff has not pointed to evidence establishing the existence of greater restrictions. (Dkt. # 10 at 14-15.) But because Plaintiff will have the opportunity to present additional evidence on remand, the ALJ may reconsider any evidence of limitations caused by Plaintiff's headaches at that time.

## V.    CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED, and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reconsider Plaintiff's testimony and the opinions of Dr. Newell-Eggert, and, if necessary, reevaluate Plaintiff's headaches and RFC, and any other parts of the decision.

Dated this 23rd day of September, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge